UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JEROME WRIGHT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-2125-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis to 28 U.S.C. § 1915.

**I.　　Request to Proceed In Forma Pauperis**

　　　　Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

**III.     Screening Order**

Plaintiff purports to bring claims under the First, Fourth and Fourteenth Amendments, as well as state law claims for false imprisonment and defamation. He names the Sacramento Police Department and C. Johnson as defendants. It is not clear from plaintiff's allegations, summarized below, how either defendant would be liable for any of the claims asserted by plaintiff. In essence, plaintiff alleges that defendant Johnson stopped him on a traffic violation. Plaintiff who was speaking on his cell phone, looked at Johnson and said "this motherfucker's gonna get popped." Johnson arrested plaintiff because of a suspended license and for making a threat. Upon his arrest, a sample of plaintiff's DNA was taken by buccal swab.[2] The DNA was later used to link plaintiff to a sexual assault, for which plaintiff was arrested. *See* ECF No. 1.

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

/////

---

[2] A buccal swab is a swab taken from the mouth area to collect cheek cells.

Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

A municipal entity or its departments, such as the Sacramento Police Department, is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). In addition, these local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff appears to allege that his First and Fourteenth Amendment rights were violated when defendant Johnson arrested him after making the statement that "this motherfucker's gonna get popped." Plaintiff fails to demonstrate that this violated his constitutional rights. In general, mere criticism of a public official is protected free speech under the First Amendment. *See, e.g., New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964) ("debate on public issues should be uninhibited, robust, and wide-open, and . . . it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials"). Freedom of speech is protected against punishment unless it is "likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *See Terminiello v. City of Chicago*, 337 U.S. 1, 4 (1949). Thus, the First Amendment does not protect threats or "fighting words." *See Lovell By & Through Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 371-72 (9th Cir. 1996); *Cohen v. California*, 403 U.S. 15, 20 (1971) (i.e., "personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction"). The statement made by plaintiff on his cell phone can reasonably be interpreted as a threat against defendant Johnson, i.e., unprotected speech.

Plaintiff also appears to allege that his Fourth Amendment rights were violated when a buccal swab was taken as a result of his felony arrest. The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. CONST. Amend. IV. Collection of a DNA sample constitutes an invasion of privacy that is subject to the strictures of the Fourth Amendment. *United States v. Mitchell*, 652 F.3d 387, 406 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1741 (2012); *Friedman v. Boucher*, 580 F.3d 847, 852 (9th Cir. 2009) (buccal swab is a search entitled to protections of the Fourth Amendment). Most courts considering the constitutionality of DNA sampling evaluate its constitutionality through a totality of the circumstances test. *See Mitchell*, 652 F.3d at 403 ("We and the majority of circuits—the First, Fourth, Fifth, Sixth, Eighth, Ninth, Eleventh, and District of Columbia—have endorsed a totality of the circumstances approach."). A buccal swab is a "minimal intrusion" that serves the "the legitimate government interest in the identification of the individual and the investigation and prosecution of unsolved and future criminal acts by the use of DNA." *United States v. Robinette*, No. 12-cr-0003-AWI-BAM, 2013 U.S. Dist. LEXIS 7903, at *31 (E.D. Cal. Jan. 18, 2013) (employing totality of the circumstances test to find, that "while obtaining and analyzing the DNA or saliva of Robinette based on probable cause for committing sex offense is a search and seizure implicating Fourth Amendment concerns, it is a reasonable search and seizure"). Plaintiff admits that the buccal swab was taken as a result of his felony arrest, and does not plead facts demonstrating, that under the totality of the circumstances, the buccal swab was constitutionally unreasonable.

Lastly, plaintiff fails to properly allege state tort claims because the complaint does not allege compliance with the California Torts Claims Act ("GCA"), which requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues.[3] Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's

---

[3] In addition, the complaint does not plead facts sufficient to state either a defamation or a false imprisonment claim.

5

cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Thus, any purported state law claims must be dismissed with leave to amend for failure to allege compliance with the GCA.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

6

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: June 30, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE